IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOM RAPER HOMES, INC.,

    Plaintiff,

v.

MOWERY & YOUELL, LTD., et al.

    Defendant.

Case No. 2:07-CV-123
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Abel

OPINION AND ORDER

This matter is before the Court for consideration of Defendants Mowery & Youell, Ltd., Elizabeth J. Birch and Samuel N. Lillard's Motion for Summary Judgment (Doc. 23). For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED**.

I.

This legal malpractice case arises out of Defendants, the firm of Mowery & Youell, Ltd., and attorneys Elizabeth Birch and Samuel Lillard (collectively, "Defendants"), legal representation of Plaintiff Tom Raper Homes, Inc. in connection with a consumer lawsuit filed against Plaintiff. The underlying consumer case was tried to a magistrate in the Warren County, Ohio court of common pleas, who found in favor of the plaintiff and awarded damages of $124,225.25 plus prejudgment interest. The magistrate issued a written decision on September 22, 2004.

On September 30, 2004, Plaintiff terminated its attorney-client relationship with

1

Defendants; Defendants performed no professional work on behalf of Tom Raper after that date. New counsel retained by Plaintiff filed objections to the magistrate's decision on October 6, 2004. The court of common pleas overruled Plaintiff's objections, and adopted the decision of the magistrate in an Order dated September 16, 2005. Final judgment was entered against Plaintiff on September 26, 2005.

Plaintiff filed this action against Defendants in Wayne County, Indiana on February 17, 2006, alleging negligence, breach of contract and unjust enrichment in connection with Defendants' representation of Plaintiff. The case was removed to federal court in Indiana, and then transferred to this Court on February 21, 2007. The Court has jurisdiction under 28 U.S.C. 1332.

Defendants move for summary judgment on Plaintiff's malpractice claims, based on Ohio Rev. Code Sec. 2305.11(A), which contains a one-year statute of limitations for such claims.[1] Plaintiff does not dispute that its claims are subject to the one-year statute of limitations. Rather, the only dispute concerns the date that Plaintiff's cause of action against Defendants accrued. Defendant contends that the latest date of accrual is October 6, 2005, when Plaintiff filed its objections to the magistrate's decision. Plaintiff contends that its "injury" did not occur until the court of common pleas entered final judgment on September 26, 2005. As set out below, Ohio law does not support Plaintiff's contention, and summary judgment will be granted in favor of Defendants.

---

[1] Because jurisdiction is based on diversity of citizenship of the parties, the Court applies Ohio's substantive laws, including the State's statutes of limitations. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 745 (1980); *Mobil Oil Corp. v. Presto Oil Co.*, 1999 U.S. App. LEXIS 2568 (6th Cir. Feb. 17, 1999).

2

## II.

### A. Standard of Review and Burden on Summary Judgment

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. While all inferences must be drawn in favor of the nonmoving party, this Court is under no obligation to imagine favorable facts where the nonmoving party has alleged none. *Avery v. Joint Twp. Dist. Mem'l Hosp.*, 2008 U.S. App. LEXIS 14078 (6th Cir. Ohio 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In opposing summary judgment, Plaintiff has an affirmative duty to "set out specific facts showing a genuine issue for trial." *Celotex*, 477 U.S. at 324. Conclusory statements, arguments, assertions, and pleadings are not facts, and do not constitute "evidence" under Rule 56. *See* 11 Moore's Fed. Practice § 56.1[7][c] (3d ed. 2007). Further, Rule 56 requires that affidavits and other evidentiary materials set forth facts that would be admissible at trial. Fed. R. Civ. P. 56(e)(1).

3

## III.

Under Ohio law, a claim of legal malpractice must be filed within one year of the time the cause of action accrues. Ohio Rev. Code 2305.11(A). Determination of the date a cause of action for legal malpractice accrues is a question of law. *Whitaker v. Kear*, 123 Ohio App. 3d 413, 420, 704 N.E.2d 317 (1997).

A claim for legal malpractice accrues when:

> there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.

*Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St. 3d 54, 538 N.E.2d 398 (1989), syllabus, citing *Omni-Food & Fashion, Inc. v. Smith*, 38 Ohio St. 3d 385, 528 N.E.2d 941 (1988).

A cognizable event is defined as an event sufficient to alert a reasonable person that a questionable legal practice may have occurred. *Zimmie*, 43 Ohio St. 3d at 58; *DiSabato v. Tyack & Assoc. Co., L.P.A.*, 1999 Ohio App. LEXIS 4212, Franklin App. No. 98AP-1282 (Sept. 14, 1999). A cognizable event puts the plaintiff on notice to investigate the facts and circumstances relevant to his or her claim in order to pursue remedies. *Flowers v. Walker*, 63 Ohio St. 3d 546, 549, 589 N.E.2d 1284 (1992). "The focus should be on what the client was aware of and not an extrinsic judicial determination." *McDade v. Spencer*, 75 Ohio App. 3d 639, 643, 600 N.E.2d 371 (1991).

As to the date upon which an attorney-client relationship terminates, "[g]enerally, the attorney-client relationship is consensual, subject to termination by acts of either party." *Columbus Credit Co. v. Evans*, 82 Ohio App. 3d 798, 804, 613 N.E.2d 671 (1992). "'Conduct

4

which dissolves the essential mutual confidence between attorney and client'" signifies the end of the attorney-client relationship. *DiSabato*, 1999 Ohio App. LEXIS 4212 (*citing Brown v. Johnstone*, 5 Ohio App. 3d 165, 166-167, 450 N.E.2d 693 (1982)).

In this case, there is no disagreement as to the relevant facts or dates. The record contains undisputed evidence of the date of termination of the attorney-client relationship (September 30, 2004), the date of the magistrate's decision and Plaintiff's objections thereto (September 22 and October 6, 2004), and the date of the final judgment against Plaintiff (September 26, 2005). The parties agree that their attorney-client relationship ended more than one year before Plaintiff filed its complaint against Defendants on February 17, 2006.

The only issue therefore is whether, under the "discovery rule," there is a later "cognizable event" whereby Plaintiff first discovered or should have discovered Defendants' alleged malpractice such that its legal malpractice action against Defendants is not time-barred. For purposes of the accrual of the statute of limitations, Plaintiff's "injury" is defined in terms of notice, and the analysis is factual. *Spencer v. McGill*, 87 Ohio App. 3d 267, 278, 622 N.E.2d 7 (1993); *DiSabato*, 1999 Ohio App. LEXIS 4212 (*citing Zimmie*, 43 Ohio St. 3d at 58-59 and *Hershberger v. Akron City Hosp.*, 34 Ohio St. 3d 1, 4, 516 N.E.2d 204 (1987)). The focus is on what the plaintiff knew or should have known, and certainty or a judicial determination is not necessary. *McDade*, 75 Ohio App. 3d at 643; *DiSabato*, 1999 Ohio App. LEXIS 4212.

The Ohio Supreme Court has instructed that: "in an assessment of the actual occurrence and date of a cognizable event, an objective reasonable person standard of review, and not a subjective standard, is to be employed." *Sesto v. Perduk*, 2008 Ohio 664, 2008 Ohio App. LEXIS 568 (*citing Scovern v. Farris*, 1996 Ohio App. LEXIS 610, *8, 9th Dist. App. 17352

5

(Feb. 21, 1996) (*citing Zimmie*, 43 Ohio St. 3d at syllabus)). "This test provides that 'it is enough that some noteworthy event, the cognizable event, has occurred which does or should alert a reasonable person that improper legal work has taken place.'" *Id.*

According to Defendants, the latest "cognizable event" putting Plaintiff on notice that improper legal work had taken place was October 6, 2004, when Plaintiff's new attorneys filed objections to the magistrate's decision. The president and owner of Plaintiff Tom Raper Homes testified that he had reviewed the objections and discussed them with counsel. (Bane Depo. at 34). The objections reference and rely upon the same facts giving rise to Plaintiff's claim for malpractice. For example, Plaintiff allege as malpractice Defendants' failure to enforce the limitation of damages, forum selection, choice of law, and pre-suit mediation provisions in the purchase agreement between Tom Raper Homes and the consumer. (*See* Compl. ¶¶23, 26, 28, 32, 34). Plaintiff's objections to the magistrate's decision include the argument that the consumer's claims were barred by these provision of the sale agreement. Accordingly, by the time the objections were prepared and filed, Plaintiff had discovered and was aware of these defenses that Defendants allegedly failed to raise. The objections filed on October 6, 2004, also raise arguments related to the consumer's expert witness, again establishing that by that date, Plaintiff was on notice that malpractice with regard to the expert witness may have occurred. (*See* Compl. at ¶¶39-41). Plaintiff discovered its potential monetary exposure and the extent of its injury when the magistrate issued a decision on September 22, 2004, such that it was on notice of Defendants' alleged malpractice in failing to advise Plaintiff regarding potential damages available to the consumer. (*See* Compl., ¶¶36, 38).

Plaintiff does not deny that the magistrate's decision and its objections thereto were

6

sufficient notice of potentially improper or inadequate legal representation. Rather, Plaintiff opposes summary judgment solely on the grounds that there were no damages or injury, and therefore no cause of action, until September 26, 2005, when the common pleas court entered final judgment. According to Plaintiff, its complaint was timely filed within one year of September 26, 2005, and therefore within the statute of limitations.

Plaintiff's argument has been expressly rejected by numerous Ohio courts.

> "[A] factual inquiry into the circumstances of a case establishes when the cause of action accrues and the period of limitations commences in a malpractice action." *Zimmie*, 43 Ohio St. 3d at 58-59. Such a factual analysis would determine when the injured party became aware of, or should have become aware of, the extent and seriousness of the injury that would put a reasonable person on notice of the need for further inquiry. *Hershberger*, supra, at 4. **A rule requiring a judicial determination, as plaintiff urges, would render the factual analysis called for in *Zimmie* and *Hershberger* unnecessary**. *See Barna v. Joseph*, 1989 Ohio App. LEXIS 2486 (June 22, 1989), Cuyahoga App. No. 56806, unreported (rejecting the proposition that a cause of action for legal malpractice only accrues at the time injury is realized in a court judgment).

*DiSabato*, 1999 Ohio App. LEXIS 4212, *13 (emphasis added).

The undisputed facts establish that multiple "cognizable events" occurred, sufficient to alert a reasonable person that improper legal work had taken place. A reasonable person would have been aware of the extent and seriousness of the injury, and on notice of the need for further inquiry before February 17, 2005 – one year before Plaintiff filed its complaint. Most importantly, Plaintiff raised claims which, if true, involved legal malpractice on the part of the Defendants. It is clear from this fact that a "cognizable event" occurred at the time the magistrate issued the written decision on September 22, 2004. Plaintiff has not established that any cognizable event occurred after that date whereby it first discovered that its injury was related to Defendants' alleged malpractice. Accordingly, Plaintiff's complaint is time-barred.

7

## IV.

For the foregoing reasons, Defendants Mowery & Youell, Ltd., Elizabeth J. Birch and Samuel N. Lillard's Motion for Summary Judgment (Doc. 23) is hereby **GRANTED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Defendants.

**IT IS SO ORDERED.**

9-15-2008
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE